**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| AZURE NETWORKS, LLC and TRI-COUNTY EXCELSIOR FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>VIZIO, INC.<br><br>Defendant. | CIVIL ACTION NO. 6:12-cv-750-LED<br><br>JURY TRIAL DEMANDED |

## VIZIO, INC.'S ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant VIZIO, Inc. ("VIZIO"), by and through its undersigned counsel, hereby responds to the Complaint of Plaintiffs AZURE NETWORKS, LLC and TRI-COUNTY EXCELSIOR FOUNDATION ("Plaintiffs") as follows:

## PARTIES

1. VIZIO lacks sufficient knowledge to admit or deny the allegations of paragraph 1 and on that basis denies those allegations.

2. VIZIO lacks sufficient knowledge to admit or deny the allegations of paragraph 2 and on that basis denies those allegations.

3.     VIZIO admits that U.S. Patent 7,756,129 is on its face entitled "Personal Area Network with Automatic Attachment and Detachment."  Except as expressly admitted, VIZIO lacks sufficient knowledge to admit or deny the allegations of paragraph 3 and on that basis denies those allegations.

4.     VIZIO lacks sufficient knowledge to admit or deny the allegations of paragraph 4 and on that basis denies those allegations.

5.     VIZIO admits it is a California corporation with its principal place of business in Irvine, California.

## JURISDICTION AND VENUE

6.     VIZIO admits that Plaintiffs' Complaint purports to raise an allegation of patent infringement under Title 35 of the United States Code.  VIZIO admits that 28 U.S.C. §§1331 and 1338(a) authorizes the Court to hear allegations of patent infringement.  Except as so expressly admitted, VIZIO denies any remaining allegations in this paragraph 6.

7.     VIZIO denies the allegations in this paragraph 7.

8.     VIZIO denies the allegations in this paragraph 8.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,756,129

9.     VIZIO denies that it has been or is now directly infringing the '129 patent. VIZIO denies any remaining allegations of paragraph 9.

10.    VIZIO admits that Plaintiffs filed and purportedly served the Complaint in this matter.  Except as so expressly admitted, VIZIO denies any remaining allegations in this paragraph 10.

11.    VIZIO denies that it has been or is now infringing the '129 patent.  VIZIO denies that Plaintiffs have suffered monetary damages.  VIZIO denies that Plaintiffs are entitled to recover any damages against VIZIO.  VIZIO denies any remaining allegations of paragraph 11.

**PRAYER FOR RELIEF**

12. VIZIO denies that Plaintiffs are entitled to any of the relief sought in its Prayer for Relief against VIZIO on account of any action or omission of VIZIO.  Plaintiffs' prayer should, therefore, be denied in its entirety and with prejudice.  VIZIO asks that judgment be entered for VIZIO and that this action be found to be an exceptional case under 35 U.S.C. §285 entitling VIZIO to be awarded attorneys' fees in defending against Plaintiffs' Complaint, together with such other and further relief the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

13. VIZIO demands trial by jury of all issues relating to this action.  VIZIO does not object to a trial by jury on all issues so triable raised by Plaintiffs' Complaint or VIZIO's Counterclaims (asserted below).

**AFFIRMATIVE DEFENSES**

14. VIZIO, for its affirmative defenses, states as follows:

15. VIZIO has not infringed any claim of the '129 patent.

16. One or more of the claims of the '129 are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§101, 102, 103, and/or 112.

17. On information and belief, Plaintiffs' claims are barred, in whole or in part, as a result of express or implied licenses to the '129 patent, and/or other exhaustion remedies.

18. Plaintiffs' claim for damages is statutorily limited under 35 U.S.C. §§286 and 287.

19. On information and belief, Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

20. Plaintiffs have failed to join one or more parties essential to this matter.

**COUNTERCLAIMS FOR DECLARATORY RELIEF**

21. In accordance with Rule 13 of the Federal Rules of Civil Procedure, VIZIO asserts the following counterclaims against Plaintiffs:

**Parties**

22. Counter-Plaintiff VIZIO, Inc. is a California corporation with its principle place of business at 39 Tesla, Irvine California, 92618.

23. On information and belief, Counter-Defendant Azure Networks, LLC ("Azure") is a limited liability company organized and existing under the laws of Texas, with a principal place of business in Longview, Texas. On information and belief, Counter-Defendant Tri-County Excelsior Foundation ("TCEF") is a corporation organized and existing under the laws of Texas, with a principal place of business in Marshall, Texas. Together, Azure and TCEF will be referred to as Counter-Defendants.

**Jurisdiction and Venue**

24. These Counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and the United States Patent laws, 35 U.S.C. §101 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338, 2201, and 2202. This Court also has personal jurisdiction over Counter-Defendants because, among other reasons, Counter-Defendants brought suit alleging infringement of the '129 patent in this Court.

25. To the extent this action remains in this District, venue is appropriate pursuant to 28 U.S.C. §1391(b)-(c) because Counter-Defendants brought their Complaint for infringement of the '129 patent in this Court.

**First Counterclaim: Declaratory Judgment of Noninfringement of the '129 Patent**

26. An actual, continuing and justiciable controversy exists between VIZIO and Counter-Defendants as to the non-infringement of the '129 patent, as evidenced by Counter-

Defendants' Complaint and VIZIO's Answer to that Complaint, as set forth above.

27. Pursuant to the Federal Declaratory Act, 28 U.S.C. §2201 et seq., VIZIO requests a judicial determination and declaration that VIZIO does not infringe and has not infringed, either directly or indirectly, any claim of the '129 patent.

### Second Counterclaim: Declaratory Judgment of Invalidity of the '129 Patent

28. An actual, continuing and justiciable controversy exists between VIZIO and Counter-Defendants as to the invalidity of the '129 patent, as evidenced by Counter-Defendants' Complaint and VIZIO's Answer to that Complaint, as set forth above.

29. Pursuant to the Federal Declaratory Act, 28 U.S.C. §2201 et seq., VIZIO requests a judicial determination and declaration of the Court that the '129 patent is invalid under Title 35 of the United States Code, including but not limited to §§101, 102, 103, and/or 112.

### Third Counterclaim: Exceptional Case

30. On information and belief, prior to filing its Complaint and at a minimum prior to the filing of this Answer, Counter-Defendants knew, or reasonably should have known, that the patent claims were invalid and/or not infringed by VIZIO or that its claims were barred in whole or in part. Counter-Defendants' filing of the Complaint and continuing to pursue its present claims in view of this knowledge makes this case exceptional within the meaning of 35 U.S.C. §285.

### Relief Demanded

WHEREFORE, Defendant and Counterclaimant VIZIO requests relief as follows:

A. That Counter-Defendants take nothing by its Complaint;

B. That judgment be entered against Counter-Defendants and in favor of VIZIO, and that Counter-Defendants' Complaint be dismissed with prejudice;

C. That the Court declare that VIZIO does not infringe and has not infringed, directly

or indirectly, any claim of the '129 patent;

D.    That the Court declare all claims of the '129 patent invalid;

E.    That Counter-Defendants' actions cause this case to be declared exceptional and that VIZIO be awarded its costs, expenses and reasonable attorney's fees in this action under 35 U.S.C. §285; and

F.    That the Court grant VIZIO such further relief the Court may deem just and proper.

**Demand for Jury Trial**

VIZIO hereby demands trial by jury on all issue so triable raised by the Complaint or by these Counterclaims.

DATED:  December 13, 2012

/s/ Melissa R. Smith

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas  75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com
Attorneys for Defendant,
VIZIO, INC.

JOSEPH E. THOMAS *(pro hac vice pending)*
CA State Bar No. 101443
WILLIAM J. KOLEGRAFF *(pro hac vice pending)*
CA State Bar No. 183861
THOMAS WHITELAW LLP
18101 Von Karman Avenue, Suite 230
Irvine, CA 92612
Telephone:  (949) 679-6400
Facsimile:  (949) 679-6405
Attorneys for Defendant,
VIZIO, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 13th day of December 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                          /s/ Melissa R. Smith
                                         Melissa R. Smith