IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| **AZURE NETWORKS, LLC,** *et al.,* | § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 6:12-CV-252-MHS |
| v. | § § | JURY TRIAL DEMANDED |
| **MEDIATEK INC.,** | § § | |
| *Defendant*. | § § | (LEAD CASE) |

| | | |
|---|---|---|
| **AZURE NETWORKS, LLC,** *et al.,* | § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 6:12-CV-754-MHS |
| v. | § § | JURY TRIAL DEMANDED |
| **PANTECH WIRELESS, INC.,** *et al.,* | § § | |
| *Defendants*. | § § | (CONSOLIDATED CASE) |

**PLAINTIFFS' ANSWER TO DEFENDANTS PANTECH WIRELESS, INC. AND PANTECH CO., LTD.'S COUNTERCLAIMS**

Azure Networks, LLC ("Azure") and Tri-County Excelsior Foundation ("TCEF"), plaintiffs in the above-captioned civil actions, respond to each of the numbered paragraphs of the Counterclaims of Defendants Pantech Wireless, Inc. and Pantech Co., Ltd. (collectively "Pantech"), as set forth in Defendants Pantech Wireless, Inc. and Pantech Co., Ltd.'s Answer, Affirmative Defenses, and Counterclaims to Azure Networks, LLC, and Tri-County Excelsior Foundation's Original Complaint (Dkt. No. 87), as follows:

1.      In paragraph 1 of Pantech's Counterclaims, Pantech purports to incorporate paragraphs 1-20 of its Answer and Affirmative Defenses to Plaintiffs' Complaint. To the extent

necessary to respond, Plaintiffs reallege each allegation set forth in their Original Complaint and deny any allegations not alleged or admitted in that Original Complaint.

## The Parties

2. Plaintiffs admit the allegations of paragraph 2.

3. Plaintiffs admit the allegations of paragraph 3.

4. Plaintiffs admit that they plead in their Complaint both that Azure Networks, LLC is a Texas limited liability company having its principal place of business in Longview, Texas, and that Azure has the full right to enforce and/or sublicense the '129 Patent without any restriction, subject to certain encumbrances. Plaintiffs deny any remaining allegations of paragraph 4.

5. Plaintiffs admit the allegations of paragraph 5.

## Jurisdiction

6. Plaintiffs admit that Pantech purports to bring counterclaims under Title 35 of the United States Code. Plaintiffs admit that the Court has subject matter jurisdiction over Pantech's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Plaintiffs admit that the Court has personal jurisdiction over Plaintiffs, *inter alia*, by virtue of Plaintiffs' filing of the Complaint. Plaintiffs deny any remaining allegations of paragraph 6 and specifically deny that Pantech is entitled to any relief based on its counterclaims.

## Venue

7. Plaintiffs admit that venue for Pantech's counterclaims is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and that Pantech purports to contend that there may exist more appropriate venues for the claims in the Complaint and in Pantech's Counterclaims. Plaintiffs admit that, to the extent that venue is found to be proper for any of the claims in the

Complaint, venue is also appropriate for Pantech's Counterclaims.  Plaintiffs deny any remaining allegations of paragraph 7 and specifically deny that there may exist more appropriate venues for the claims in the Complaint and in Pantech's Counterclaims.

## COUNT I

### First Counterclaim

**(Declaratory Judgment of Non-Infringement)**

8. In paragraph 8, Pantech purports to repeats and incorporate by reference paragraphs 1-20 of its Answer and Affirmative Defenses to Plaintiffs' Complaint, and paragraphs 1-7 of its Counterclaims.  To the extent necessary to respond, Plaintiffs reallege each allegation set forth in their Original Complaint, repeat and incorporate by reference their answers to paragraphs 1-7 above, and deny any allegations not alleged or admitted in their Original Complaint or in paragraphs 1-7 above.

9. Plaintiffs admit that, in Plaintiffs' Complaint, Plaintiffs allege that Pantech has been and now is directly infringing the '129 Patent.  Plaintiffs admit that Pantech purports to deny all such allegations.  Plaintiffs deny any remaining allegations of paragraph 9 and specifically deny that Pantech's denial of Plaintiffs' allegations is meritorious.

10. Plaintiffs admit the allegations of paragraph 10.

11. Plaintiffs deny the allegations of paragraph 11.

## COUNT II

### Second Counterclaim

**(Declaratory Judgment of Invalidity)**

12. In paragraph 12, Pantech purports to repeats and incorporate by reference paragraphs 1-20 of its Answer and Affirmative Defenses to Plaintiffs' Complaint, and

paragraphs 1-11 of its Counterclaims. To the extent necessary to respond, Plaintiffs reallege each allegation set forth in their Original Complaint, repeat and incorporate by reference their answers to paragraphs 1-11 above, and deny any allegations not alleged or admitted in their Original Complaint or in paragraphs 1-11 above.

13. Plaintiffs admit that, in Plaintiffs' Complaint, Plaintiffs allege that Pantech has been and now is directly infringing the '129 Patent. Plaintiffs admit that Pantech purports to allege that each claim of the '129 Patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112. Plaintiffs admit that an actual controversy exists between Pantech and Plaintiffs whether the claims of the '129 Patent are valid. Plaintiffs deny any remaining allegations of paragraph 13 and specifically deny that Pantech's allegations that each claim of the '129 Patent is invalid are meritorious.

14. Plaintiffs deny the allegations of paragraph 14.

## PANTECH'S RELIEF REQUESTED

Plaintiffs deny that Pantech is entitled to any relief and specifically deny all the allegations and prayers for relief contained in paragraphs a-e of Pantech's Counterclaims.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury of any issues so triable by right under Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment denying and dismissing Pantech's counterclaims, and that the Court enter judgment in favor of Plaintiffs as

requested in Plaintiffs' Original Complaint for Patent Infringement (Case No. 6:12-cv-754, Dkt. No. 1), as amended or supplemented.

Respectfully submitted,

_____
Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
Debra Coleman
Texas State Bar No. 24059595
drc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

*Counsel for Plaintiffs Azure Networks,
LLC and Tri-County Excelsior Foundation*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(c), the undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a).  As such, this document will be served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Local Rule CV-5(d), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 6th day of March 2013.

_____
Eric M. Albritton